# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, #K-92939, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 10-cv-917-GPM |
| DR. FEINERMAN, DONALD GAETZ, DR. FUENTES, K. CRISS, DR. FAHIM, and DR. NWAOBZSI, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Chester O'Quinn, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 70 year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States." *Heyde v. Pittenger,* 633 F.3d 512, 516 (7th Cir. 2011). An action or claim is

frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff alleges that he suffers from several serious medical conditions, and the gist of his complaint is that he has not received proper treatment for these ailments. Since January 2009, Plaintiff has experienced pain and stiffness in his back, knees, and other joints; arthritis; and growths on his feet, causing him to have trouble walking and sleeping. After Plaintiff complained numerous times to Defendant Dr. Feinerman, Plaintiff was given a "pumi-pad" to remove callouses, and a slow walk permit, but he appears to allege this treatment was inadequate.

Plaintiff is diabetic, and claims that his blood sugar levels were never tested for nearly two years (all of 2009 and up to October 25, 2010). As a result, he experienced symptoms of dizziness, light-headedness, blurred vision, shakes, and general weakness, due to his blood sugar being too high or too low. Plaintiff requested Defendants Feinerman, Fahim, and Criss to provide him with regular blood sugar tests, and to order an evening snack tray for him to help regulate his blood sugar, but both requests were denied. Plaintiff claims that other diabetic inmates have regular daily or weekly blood sugar checks and also receive an evening snack tray.

Plaintiff developed a number of painful cysts or "tumor-like growths" on his chest, which bleed periodically. Plaintiff states that prior to his incarceration, his private doctor had removed identical cysts and warned Plaintiff they could develop into cancerous tumors. Plaintiff requested Defendants Feinerman, Fuentes, Nwaobzsi, and Criss to remove the growths and have them tested. However, nothing was done, and the Defendants failed to give Plaintiff any treatment for his pain.

Plaintiff also has high blood pressure and is on medication for this condition. He had been referred for regular visits (approximately three times per year) to the prison's cardiac clinic for monitoring, but between November 2008 and November 2009, because of frequent lockdowns, he missed three clinic visits that were never rescheduled. As a result, on numerous occasions he suffered headaches, dizziness, incoherency, and numbness in his arms and legs, which he claims would have been mitigated if he had been able to visit the cardiac clinic as scheduled.

Plaintiff also complains that several of his grievances over the above problems were either unanswered or ignored.

Plaintiff requests compensatory and punitive damages, and a court order that he receive immediate treatment for his medical problems.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into five (5) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Deliberate Indifference to Medical Needs**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that

significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Each of the conditions described by Plaintiff arguably fall within one or another of the above definitions of "serious medical needs." His joint pain and foot ailments significantly affect his ability to walk and sleep; his symptoms from diabetes and high blood pressure have caused physical distress, pain, and affected his daily activities; and the cysts, in addition to being painful, may, according to Plaintiff, place him at risk of developing cancer if they go untreated.

As to the subjective component of a deliberate indifference claim, the Supreme Court has stated:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take

sides in disagreements with medical personnel's judgments or techniques).

**Count 1 - Arthritis, Foot and Joint Pain**

Plaintiff's complaint reveals that he has received treatment from Defendant Feinerman for his arthritis and foot and joint pain. He was issued a pumi-pad to remove callouses from his feet, and he received a slow walk permit to accommodate his needs. While Plaintiff may not have been satisfied with this response to his medical problems, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996); *Ciarpaglini*, 352 F.3d at 331; *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Plaintiff fails to state any claim against Defendant Feinerman for deliberate indifference to his arthritis, foot and joint problems, and this claim shall be dismissed with prejudice.

**Count 2 - Diabetes**

Plaintiff's exhibits indicate that in February 2006, he had been provided with a bedtime snack tray as part of his diabetic treatment (Doc. 1-1, p. 22-23). The exhibit also indicates that a medical practitioner would review whether or not a snack tray should continue to be ordered for Petitioner. This appears to be the type of treatment decision that would be made according to the professional discretion of a treating doctor, and thus not appropriate for a court to engage in "second-guessing" as to whether that medical judgment was correct. As such, Plaintiff does not state a constitutional claim for the denial of an evening snack tray.

However, Plaintiff has also alleged that he was not provided with any blood sugar testing

for a nearly two-year period, during which he suffered symptoms attributable to dangerous fluctuations in his blood sugar levels. This long-term lack of basic monitoring of a serious medical condition may amount to an unconstitutional failure to provide treatment. *See Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994) (deliberate withholding of medical treatment and dietary accommodation needed by an inmate to avoid a diabetic crisis would violate Eighth Amendment if defendants knew of the risk). The Seventh Circuit has also noted that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order diagnostic testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer). Therefore, Plaintiff's claims that he was not provided with adequate routine testing to monitor his diabetes by Defendants Feinerman, Fahim, and Criss cannot be dismissed at this time.

**Count 3 - Cysts**

Plaintiff describes untreated pain and bleeding from the cysts or growths on his chest, as well as the fear that these growths could become cancerous if untreated. He states he made several requests to Defendants that they remove and test the cysts, and informed them of the pain he was having. While the cancer fear may be speculative, and Plaintiff cannot dictate his treatment (such as removal of the growths versus some less-aggressive treatment); according to the complaint, Plaintiff received no treatment at all for a condition which caused him ongoing pain. For this reason, Plaintiff's claims against Defendants Feinerman, Fuentes, Nwaobzsi, and Criss for failing to treat the cysts and related pain cannot be dismissed at this stage of the litigation.

**Count 4 - High Blood Pressure**

Plaintiff's complaint indicates that he has been on medication for his high blood pressure for several years. Here, he does not allege the lack of any treatment, but instead that he missed three scheduled visits to the cardiac clinic for regular monitoring of his blood pressure medications. The reason for this interruption in normal monitoring was that the prison had experienced frequent lockdowns, and missed clinic visits were not rescheduled.

A prison may be permitted some infringement on inmates' rights for reasons of institutional security. *See Bell v. Wolfish,* 441 U.S. 520, 546-47 (1979). Thus, a policy to restrict doctors visits during a lockdown, except in life-threatening situations, has been held not to violate the Eighth Amendment. *Lucien v. Godinez*, 814 F. Supp. 754, 757 (N.D. Ill. 1993); *see also Waring v. Meachum*, 175 F. Supp. 2d 230 (D. Conn. 2001) (failure to provide routine medical care or special diet during lockdown did not state a constitutional violation). Because the only interruption in treatment alleged by Plaintiff was due to the lockdown situation, he has not stated a constitutional claim for missing his cardiac clinic visits. Accordingly, this portion of Plaintiff's complaint shall be dismissed with prejudice.

**Count 5 - Failure to Address Grievances**

Finally, Plaintiff's claim that several of his grievances were either denied or went unaddressed, despite his letters to Defendant Gaetz and other administrators, does not state a constitutional violation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992);

*Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Moreover, an inmate does not have a right to have a grievance resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Accordingly, this claim against Defendant Gaetz must be dismissed with prejudice.

Another word regarding Defendant Gaetz, the former warden, is in order. Although Defendant Gaetz was responsible for the overall administration of the prison, a supervisor such as Defendant Gaetz cannot be held liable in a § 1983 action merely because he holds a supervisory position. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). It is clear from Plaintiff's complaint that Defendant Gaetz was not a medical provider responsible for treating Plaintiff's various ailments, and thus could not have been "personally responsible" for any deficiencies in his care. Thus, Plaintiff has not stated any constitutional claim against Defendant Gaetz, and he will be dismissed from this action with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS ONE, FOUR** and **FIVE** fail to state a claim upon which relief may be granted, and thus are **DISMISSED with prejudice**.

**COUNTS TWO** (against Defendants Criss, Fahim and Feinerman) and **THREE** (against Defendants Criss, Feinerman, Fuentes, and Nwaobzsi) shall be allowed to proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **CRISS, FAHIM, FEINERMAN, FUENTES,** and **NWAOBZSI** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the

Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate motion or responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 7/7/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge