IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-917-GPM-DGW |
| ) | |
| DR. FEINERMAN, DR. FUENTES, K. CRISS, ) | |
| DR. FAHIM, and DR. NWAOBZSI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Now pending before the Court are Motions for Appointment of Counsel (Doc. 20) and for Instructions from the Court (Doc. 22) filed by Plaintiff Chester O'Quinn, an inmate proceeding *pro se*.

### BACKGROUND

Plaintiff Chester O'Quinn filed this action in November 2010 alleging that Defendants, employees at the Menard Correctional Center, failed to provide him adequate medical treatment for diabetes, hypertension, cancerous cysts, arthritis, and back, knee, and foot pain (Doc. 1). Upon threshold review, the Court found that Plaintiff had stated claims for deliberate indifference to his serious medical needs against Defendants Criss, Fahim, and Feinerman for failure to monitor and treat his diabetes (Count 2), and against Defendants Criss, Feinerman, Fuentes, and Nwaobzsi for failure to treat his cysts (Count 3) (Doc. 8). All Defendants have filed answers to the complaint (Docs. 26, 28, 30, 32, and 34). Each defendant has raised the affirmative defense that Plaintiff has failed to exhaust his administrative remedies prior to filing suit.

**MOTION FOR APPOINTMENT OF COUNSEL**

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 656). The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Santiago*, 599 F.3d at 762.

Plaintiff has not met the threshold burden of demonstrating a reasonable attempt to obtain

counsel on his own. His motion includes one letter from an attorney, dated March 29, 2011, declining to represent him. The Court does not find this to be a reasonable attempt to retain counsel without the Court's assistance. Furthermore, the Court does not believe appointment of counsel is warranted at this stage of the litigation. Each defendant has raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Based upon the Seventh Circuit's ruling in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court will soon set a hearing to determine whether Plaintiff exhausted his administrative remedies before he filed this lawsuit. Appointment of counsel will be more appropriate after that determination has been made. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. 20) is **DENIED without prejudice**.

### MOTION TO INSTRUCT

Plaintiff asks the Court to issue an order requiring the Menard Correctional Center to provide him weekly access to the law library (Doc. 22). He argues that due to the complexity of this lawsuit, he needs regular access to the law library, which he does not always get. He also asks the Court's advice on how to access legal materials and make copies when the institution is on lock down.

A federal court rarely grants the type of injunctive relief Plaintiff requests. "[F]ederal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state . . . how to run its prison system." *Scarver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (quoting *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir.1985)). Furthermore, this case is not so complex that it requires Plaintiff to perform excessive research. Plaintiff presents two claims

of deliberate indifference to his serious medical needs by five defendants. Frequently, this type of case is resolved on its merits by review of the inmate's medical records, which are generally provided by the defendants. Thus, the Court does not find that extra time in the law library is required. Accordingly, Plaintiff's motion (Doc. 22) is **DENIED without prejudice**. The Court **ADVISES** Plaintiff that if he has difficulty meeting a specific, court-imposed deadline, he may ask the Court, at that time, for an extension of time.

**IT IS SO ORDERED.**

**DATED: September 8, 2011**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**