IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHESTER O'QUINN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 3:10-cv-917-GPM-DGW |
| DR. FEINERMAN, et al., | ) |  |
| Defendants. | ) |  |

**FINDINGS OF FACT AND RECOMMENDATIONS OF MAGISTRATE JUDGE**

Now pending before the Court are two Motions to File a Supplemental Complaint (Docs. 21 and 49) filed by Chester O'Quinn, an inmate in the Menard Correctional Center. This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a recommendation on the disposition of the pending motions. For the reasons set forth below, the Court **RECOMMENDS** that both motions be construed as requests for injunctive relief. The Court further **RECOMMENDS** that the second motion renders the first to be **MOOT**. The Court finally **RECOMMENDS** that the second Motion to File a Supplemental Complaint be **GRANTED in part and DENIED in part**.

### FINDINGS OF FACT

In the first motion to file a supplemental complaint, filed August 10, 2011, Plaintiff informed the Court that the medical issues described in his original complaint had not yet been addressed by medical staff (Doc. 21). Plaintiff complained that he was still in considerable pain, his blood sugar remained unregulated, and he had received no lab work. The motion also sought

a preliminary injunction directing the defendants to provide Plaintiff with lab work, an evening snack tray to regulate his blood sugar levels, and treatment for boils and rashes.

In the second motion to file a supplemental complaint, Plaintiff informed the Court that on September 7, 2011, he was examined by a Dr. Platt who prescribed medications for diabetes, rash, back pain, and high blood pressure (Doc. 49). Plaintiff indicated that he is fearful his prescriptions will not be refilled after they expire in six months or a year. Plaintiff asks to supplement his complaint to add claims for injunctive relief requiring medical staff to continue providing him with the medications after the prescriptions filled by Dr. Platt expire.

## RECOMMENDATIONS

The Court first recommends that the two motions to file a supplemental complaint be construed as motions for injunctive relief. Both motions ask the Court to order Illinois Department of Corrections officials to act. To prevail on a motion for preliminary injunction, Plaintiff must show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted, and that the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). *See also Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Joelner*, 378 F.3d at 619. Rule 65(d) states that any order made pursuant to the rule must be specific and "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the

order by personal service or otherwise."

Plaintiff's motion is also governed by the Prisoner Litigation Reform Act. *See* 18 U.S.C. §3626(a). Under the PLRA, preliminary injunctive relief can be ordered only if the relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Boucher v. School Board of the School District of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)) (other citations omitted). The burden is upon the plaintiff to show that he is entitled to a preliminary injunction. *Boucher*, 134 F.3d at 823.

In his first motion, filed August 10, 2011, Plaintiff asked for a preliminary injunction ordering medical staff at Menard to provide him with medical treatment. In the second motion, filed November 1, 2011, Plaintiff indicated that on September 7, 2011, he received treatment for diabetes, rash, back pain, and high blood pressure. Because the second motion shows that Plaintiff received the treatment he asked for in the first motion (approximately one month after he filed the first motion), the Court recommends that the first Motion to File a Supplemental Complaint (Doc. 21) be found **MOOT**.

The Court construes the second motion (Doc. 49) as a request to supplement the complaint to add a claim for injunctive relief. The Court recommends that the request be **GRANTED** and the motion be considered a supplemental complaint seeking injunctive relief. To the extent that Plaintiff seeks a preliminary injunction regarding the refilling of his medications, the Court

3

recommends that request be **DENIED**. Because Plaintiff's fear that the medications will not be refilled is speculative, meaning it has yet to occur, the Court recommends that Plaintiff has not met his burden of demonstrating that he will suffer irreparable harm without court intervention. Plaintiff has not persuaded the Court that the possibility that his medications will not be refilled in six or twelve months from now requires the extraordinary remedy of a preliminary injunction.

### CONCLUSION

Therefore, based on all the foregoing, Court **RECOMMENDS** that both motions (Docs. 21 and 49) be construed as requests for injunctive relief. The Court further **RECOMMENDS** that the second motion renders the first (Doc. 21) to be **MOOT**. The Court finally **RECOMMENDS** that the second Motion to File a Supplemental Complaint (Doc. 49) be **GRANTED** to allow Plaintiff to add a claim for injunctive relief to his complaint, but **RECOMMENDS** that the request for a preliminary injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 10, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**