IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-917-GPM |
| | ) |
| DR. FEINERMAN, DR. FUENTES, K. CRISS, DR. FAHIM, and DR. NWABOZSI, | ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Currently pending in this matter are two motions to file a supplemental complaint (Docs. 21 and 49) by Plaintiff Chester O'Quinn. Now before the Court is the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 62), recommending that: both motions be construed as requests for injunctive relief; Plaintiff's second motion (Doc. 49) render the first motion to file a supplemental complaint (Doc. 21) moot; Plaintiff's motion to allow Plaintiff to add a claim for injunctive relief to his complaint be granted; and Plaintiff's request for a preliminary injunction be denied. Mr. O'Quinn filed a timely objection to the Report and Recommendation, summarizing some of his medical complaints and objecting to the "de[nial] of my request for injunctive relief." (Doc. 63).[1] Upon consideration of the record, Magistrate Judge Wilkerson's Report and Recommendation, and Mr. O'Quinn's response, the Court now **ADOPTS** the Report and

---

[1] Mr. Quinn specifically references his need for an evening snack tray, his need for continued treatment with ibuprofen and tramadol, and his need for a flu shot, and the boils and scars on his chest.

Recommendation.

Where, as here, timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court "may accept, reject, or modify the magistrate judge's recommended decision."  *Harper*, 824 F. Supp. at 788.  In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'"  *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added).

After threshold review pursuant to 28 U.S.C. § 1915A, Mr. O'Quinn is proceeding on two claims of deliberate indifference to his medical needs: a claim that he was not provided with adequate routine testing to monitor his diabetes; and a claim that Defendants failed to treat cysts on his chest and failed to treat cyst-related pain (Doc. 8).  The threshold order in this case was entered July 7, 2011.  On August 10, 2011, Mr. O'Quinn filed the first motion to supplement, and he filed the second motion to supplement November 1, 2011.  Mr. O'Quinn's first motion to supplement requests a preliminary injunction requiring Defendants to order a blood draw, lab work, and a diabetic snack tray (Doc. 21).  Mr. O'Quinn also asks for a permanent injunction ordering Defendants to carry on with blood draws and lab work every four months.  In Mr. O'Quinn's second motion to supplement, he updates his medical condition: he has been seen by "a neutral Physician, Dr. S. Platt" (Doc. 49).  According to Mr. O'Quinn, Dr. Platt prescribed several medications for diabetes, a rash, degenerative disk disease, and blood pressure issues.  Mr. O'Quinn states that he

fears Defendants will not renew the prescriptions in the future.  He asks the Court "to monitor his conditions for at least 2 years even after this case is settled, and see to him receiving an independent examination by Dr. Platt 1 year after the case is settled." (Doc. 49).  Mr. O'Quinn also notes that he has been denied a flu shot for over four years, though he should receive one annually due to his diagnoses of diabetes and hypertension.

      Judge Wilkerson's Report recommends that the motions be construed as motions for injunctive relief.  The Court **ADOPTS** this recommendation, as both motions ask the Court to order specific medical care.  It is not clear from the papers whether Mr. O'Quinn received the blood testing and lab work he requests in his first motion at his visit with Dr. Platt.  However, Mr. O'Quinn's second motion expresses contentment with the treatment prescribed by Dr. Platt.  Mr. O'Quinn does not repeat his call for blood tests and lab work in the second motion, nor does his objection to the Report and Recommendation (Doc. 63) mention the blood testing and lab work.  Accordingly, the Court **ADOPTS** Judge Wilkerson's recommendation that the second motion renders the first motion moot.  As to Mr. O'Quinn's request that the Court order a diabetic snack tray for him, the Court addressed that request in the threshold Order at Doc. 8–this is "the type of treatment decision that would be made according to the professional discretion of a treating doctor, and thus not appropriate for a court to engage in 'second-guessing' as to whether that medical judgment was correct." (Doc. 8).  However, given that the Court is construing Mr. O'Quinn's motion as a motion for injunctive relief, **Plaintiff is granted leave to file an <u>amendment</u> to his complaint to seek injunctive relief**.  Whether Mr. O'Quinn chooses to include a prayer for a diabetic snack tray in his amendment is up to him, though the Court cautions Mr. O'Quinn to refer to the threshold Order at Doc. 8–he has only two remaining legal claims in this case.

Plaintiff's request to seek injunctive relief for future prescriptions, future medical monitoring, and for future flu shots is also **GRANTED. Plaintiff shall file an amendment to his complaint, outlining any additional injunctive relief he seeks**. **Plaintiff shall file this amendment on or before <u>February 29, 2012</u>.** That the Court is allowing Plaintiff to add prayers for injunctive relief to his complaint does not indicate that the Court has reviewed or finds the prayers for injunctive relief meritorious.

In as much as Plaintiff's motion for injunctive relief seeks a preliminary injunction, the Court embraces the recommendation of Judge Wilkerson and **DENIES** to issue a preliminary injunction. Given that Mr. O'Quinn's second motion for injunctive relief supercedes the first, it is not clear that any request for immediate, preliminary relief remains. Mr. O'Quinn asks the Court to monitor his medical condition for two years and to order an independent examination by Dr. Platt in one year. He also requests a flu shot, but does not specify that he is requesting a flu shot before this case is adjudicated. Under the Prisoner Litigation Reform Act, which governs Mr. O'Quinn's motion, preliminary injunctive relief is appropriate only where the relief sought is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Based on the papers filed in this case, the Court is not prepared to order medical personnel to conduct 'blood tests' or 'lab work' at this time, nor will the Court preemptively second guess the medical decision not to provide a snack tray. Plaintiff has the burden to show that a preliminary injunction is necessary, and Mr. O'Quinn has not done so here. *Boucher v. School Board of the School District of Greenfield,* 134 F.3d 821, 823 (7th Cir. 1998) ("A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the

burden of persuasion.") (emphasis in original) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curium)). Particularly given Mr. O'Quinn's satisfaction with his current treatment prescribed by Dr. Platt, the Court cannot say that Mr. O'Quinn would suffer irreparable harm if a preliminary injunction were not issued–nor has Mr. O'Quinn shown that his case is likely to succeed on the merits. *See Foodcomm Int'l v. Barry,* 328 F.3d 300, 303 (7th Cir. 2003); *Hall-Bey v. Ridley-Turner,* 154 Fed.Appx. 493, 494 (7th Cir. 2005) (unpublished). Any request for preliminary injunction that might remain in Mr. O'Quinn's motions is **DENIED.**

The Court therefore **ADOPTS** the Report and Recommendation of Magistrate Judge Wilkerson (Doc. 62); **DENIES AS MOOT** Plaintiff's motion at Doc. 21; **DENIES** preliminary injunctive relief; and **GRANTS** Plaintiff's motion at Doc. 49 to add injunctive claims to his complaint. Plaintiff shall file an amendment to his complaint, outlining any additional injunctive relief he seeks. Plaintiff shall file this amendment on or before February 29, 2012**.**

**IT IS SO ORDERED.**

DATED: January 27, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge